UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RYAN STINSON                               CIVIL ACTION NO. 07-0531

VERSUS                                     JUDGE HICKS

STATE OF LOUISIANA, ET AL                  MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Ryan Stinson ("Plaintiff") alleges that he was sexually abused by a corrections officer while Plaintiff was incarcerated at David Wade Correctional Center. Plaintiff, represented by counsel, filed suit in state court against the Department of Public Safety and Corrections, Warden Venetia Michael and Sgt. Joe Levingston[1]. Plaintiff's petition included service information for the State/Department and Warden Michael, but Plaintiff's counsel provided no service information for Mr. Levingston and asked that service on him be withheld. Accompanying the petition were discovery requests, and Plaintiff's first interrogatory asked for Levingston's full name and address.

The State/Department and Warden Michael removed the case two weeks after it was filed. Less than two weeks after the removal, Plaintiff filed a Motion to Serve Joe Levingston (Doc. 4). Plaintiff's counsel represented that counsel for the State had informed

---

[1] This defendant is referred to in documents submitted by Plaintiff and counsel for the State as Joe "Livingston," but the motion filed by this defendant's counsel spells his name Levingston. The latter spelling is assumed to be correct. It is also the spelling used in other proceedings before the court that involve this defendant. See U.S. v. Levingston, 07 CR 50081.

her that Levingston's last known address was confidential under state law, but the State's attorney agreed to provide Levingston's address to the Marshal (under seal) for service. The court received a letter from counsel for the State that same day that tendered the service information under seal. Doc. 6. The court then issued an order that service be effected. A summons was soon issued but, for reasons not apparent from the record, no service was made. Another summons was issued about three months later in August 2007, and the Marshal served Mr. Levingston on September 12, 2007.

Before the court is a Motion to Dismiss (Doc. 13) by Mr. Levingston on the grounds that the service was untimely. He cites a state procedural rule that requires service of a petition within 90 days but, to the extent that rule could be enforceable in federal court, this case was removed well before the 90 days expired. Once the case was removed, it was governed by Fed. R. Civ. P. 4(m) that, in the removal context, provides a Plaintiff with 120 days from the date of removal to effect service. Henson v. Lowe's Home Centers, Inc., 2000 WL 1015833 (N.D. Miss. 2000).

This case was removed on March 19, 2007. Approximately 177 days passed before Mr. Levingston was served on September 12, 2007, so service was 57 days untimely under Rule 4(m). The rule is not inflexible. It allows the court to extend the time for service even when a plaintiff fails to show good cause for the delay. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). If good cause is present, the district court *must* extend the time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the

case without prejudice or extend time for service. Id. See also Henderson v. U.S., 116 S.Ct 1638, 1643 (1996) (noting that 1993 amendments accorded discretion to the courts to enlarge the 120-day period "even if there is no good cause shown."). This court has "traditionally been reluctant to dismiss a case or claim for untimely service absent actual prejudice to the defendant or other compelling reasons to do so." Sanders v. Wilkinson, 2007 WL 3046135 (W.D. La. 2007).

Plaintiff acted diligently from the commencement of this litigation to discover the information necessary to serve Mr. Levingston and have him served. Plaintiff, less than 60 days after the case was removed, filed his motion to have Levingston served. Any delays that occurred thereafter are solely the fault of the court, the Marshal or Mr. Levingston, although the record contains no hint as to the reason for the delay. More important, Mr. Levingston has not articulated any prejudice caused by the passage of 57 days after expiration of the basic Rule 4(m) period to make service. Under these circumstances, there is good cause to extend the time for service to include the service that was effected on Mr. Levingston. In the alternative, if there were no good cause, the best exercise of the court's discretion would be to extend the period.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 13)** be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of November, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE